NULL *v.* TANNER.

STATES—GREAT SEAL—GOVERNOR'S APPROVAL OF APPOINTMENT OF RECEIVER BY STATE BANKING COMMISSIONER.

The governor's approval of the State banking commissioner's appointment of a receiver of a bank under the emergency banking act *held*, not such an official act as to require authentication by the great seal of the State (Const. 1908, art. 6, § 11, Act No. 32, § 6, Pub. Acts 1933).

Appeal from Hillsdale; Taylor (Mark D.), J. Submitted April 7, 1937. (Docket No. 14, Calendar No. 39,290.) Decided May 21, 1937.

Action by Omer Null, receiver of Montgomery State Bank of Montgomery, Michigan, against George L. Tanner for sums due on a bank stock assessment. Judgment for plaintiff. Defendant appeals. Affirmed.

*Fred C. Culver,* for plaintiff.

*Grommon & Huggett,* for defendant.

BUTZEL, J. Plaintiff recovered a judgment for the amount of an assessment on stock held by defendant in a bank of which plaintiff had been appointed receiver. Defendant claims that the failure of the governor of the State to attach the seal of the State to the document approving of plaintiff's appointment as receiver was a fatal defect and therefore plaintiff had no power to act.

Const. 1908, art. 6, § 11, provides:

"All official acts of the governor, except his approval of the laws, shall be authenticated by the

great seal of the State, which shall be kept by the secretary of State.''

Act No. 32, § 6, Pub. Acts 1933, provides:

''In case the commissioner of the State banking department shall decide to wind up the affairs of any such bank or trust company, he may appoint a receiver, with the approval of the governor, who shall proceed to close up such bank or trust company, and enforce the statutory liability of the stockholders as provided by law.''

The act does not provide for any particular formality by which such approval shall be given.

While the language of article 6, § 11, of the Constitution seems quite comprehensive, it does not necessitate the affixing of the seal by the secretary of State, the keeper thereof, to every minor act performed by the governor. Were this true, it would require the affixing of the seal to all correspondence and every other trivial act of the governor in pursuance of his duties. The appointment of the bank receiver is not made by the governor, but by the banking commissioner. The statute does not even provide for written approval by the governor though it be given in that manner to avoid any question.

A similar question arose in *Attorney General, ex rel. Rich, Governor,* v. *Jochim,* 99 Mich. 358 (23 L. R. A. 699, 41 Am. St. Rep. 606), on the construction of a provision appearing in article 5, § 18, Const. 1850, which is almost identical with article 6, § 11, of our present Constitution. In that case, the governor issued a citation ordering certain State officials to appear before him to answer certain charges of alleged misconduct. The Constitution of 1850 (art. 12, § 8) and not a statute gave the governor authority for his act. The claim was made that inasmuch as the

citation did not bear the seal of the State, the proceedings were improperly instituted. The court in holding that it was unnecessary to affix the seal, said:

"But such citation is not such an official act as needs authentication. It has no importance, and is of no personal interest to others than those cited, and falls within the multitude of daily acts, which, while official in a sense, do not require authentication by the great seal."

The approval of the appointment of the receiver made by the banking commissioner does not rise to the dignity of an act that requires the official seal under article 6, § 11, of the State Constitution.

Judgment for plaintiff is affirmed, but without costs.

Fead, C. J., and North, Wiest, Bushnell, Sharpe, and Potter, JJ., concurred. Chandler, J., did not sit.